

RICKY E.  JACKSON
CMR 427
Box 9
APO AE  09630

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISCRICT OF VIRGINIA

1:19-cv-00105(LO/TCB)

Ricky E. Jackson
**Plaintiff,**

**VS.**

Dr. Mark T. Esper
**Secretary of the Army**
**Defendant,**

**DA Docket Number:** AREUVICEN14DEC04763

**SUBJECT:** File Lawsuit for Compensatory, Punitive and other Damages permitted

**I am filing this Lawsuit on the behalf of:**

Ricky E. Jackson
**Plaintiff,**

**VS.**

Dr.  Mark T. Esper
**Secretary of the Army**
**Defendant,**

**Title VII of the Civil Right s Act of 1964 (Title VII)**
The law makes it illegal to discriminate against someone on the bases of race, color religion, national origin, or sex. The law also makes it illegal to retaliate against a person because the person complained about discrimination, a charge of discrimination, or participated in an employment discrimination investigation or lawsuit.

**The Age Discrimination in Employment Act of 1967 (ADEA)**
This law protects people who are 40 or older from discrimination because of age. The law also makes it illegal to retaliate against a person because the person complained about discrimination, filed a charge of discrimination, or participated in an employment discrimination investigation or lawsuit.

It applies to most employment activities including hiring, firing, job assignment, layoffs, promotion, compensation and training.

**Harassment** can take many different forms. It can involve verbal, physical, or visual conduct a can occur on or off the work site.

**Disparate Treatment** Unfavorable or unfair treatment of a person in comparison to others similarly situated because of that person's protected status. This general involves the inconsistent or unfair application of an employment rule, policy or practice against a specific individual.

**Retaliation/Reprisal** treating employees badly because they complained about discrimination on the job, filed a discrimination charge or complaint, participated in any manner in an employment discrimination proceeding.

**On December 30, 2014,** Complainant Mr. Jackson contacted an EEO Counselor.

**On February 4, 2015,** Complainant filed a formal complaint on alleging discrimination based on race (African-American, color (black) sex (male), age (over 40) and in reprisal for prior EEO activity when, I was subjected to harassment (sexual and non-sexual).

**(1.)**

**Complaints that Mr. Jackson have filed during his career due to the unethical and unlawful conduct and behavior against him by various Caucasian Supervisors from the same organization.**

- **Mr. Jackson currently have the two complaints below in progress, also filed several other EEO Complaints in the pass that he dropped**

- **February 2015** Formal EEO Complaint – EEO Process exhausted - Filing Lawsuit in the United States District Court

- **September 2017** Formal EEO Complaint - Pending for EEO Administrative Judge Hearing

**Due to the unfair treatment, un ethical and unlawful conduct and behavior Mr. Jackson endure from several Caucasian Supervisors he was forced to visited the Department of Behavioral Health.**

- From approximately March 1995 to March 1996, treated with Medication and Supportive Therapy

- From approximately February 2015 to August 2016, treated with Medication and Supportive Therapy.

**(2.)**

**My true story and the true story below have somethings in common. Please access the internet for "Ricky Jackson wrongfully convicted"** Mr. Ricky Jackson experienced the longest sentence of any U.S. inmate in history and innocent. Wrongfully convicted for (39) years incarcerated. Mr. Jackson was release after thirty-nine (39) years in prison November 2014.

1. Mr. Jackson is innocent as well, (33) years of no justice for the un ethical and un lawful conduct and behavior he has endured from various Caucasian Supervisors throughout his career from June 1984 to August 2017, within the same organization.

2. Mr. Jackson have no choice but to seek for appropriate justice due to the inappropriate unethical and unlawful behavior and conduct he have experience, as an Ex Sergeant/Civilian employed for the U.S. Army Morale Welfare Recreation, Community Recreation Division, Vicenza, Italy, Sports, Fitness and Aquatics. Mr. Jackson have proudly given our Soldiers, Civilians, Retirees, Family Members and Country (37) years of his life with Exceptional Service. He refuses to be continued treated Unfair and Unequal, Harassed, Discriminated and Reprisal against without seeking for overdue and currently justice. I feel my case is being camouflage, ignored and the Supervisors/Employer protected. The employer actions have caused Mr. Jackson; frustration, sleepless nights, anguish, anxiety, mental and physical emotional stress and pain, loss of enjoyment, intimidation, insult and humiliation.

3. In June 1984 Mr. Jackson refuse to forget his first day of work, being accused by his Caucasian Supervisor for taking money from the sales of beverages and snacks, the accusation was false. The same supervisor demonstrated discrimination and favoritism treatment by providing a non-black female an opportunity to excel, advance and be promoted ahead of Mr. Jackson. Mr. Jackson was denied a respectfully equal and fair opportunity. Mr. Jackson started working for this organization first, had the same job title and he was as competent as she was, except his color, race and gender was different.

4. Throughout Mr. Jackson career in the same organization under various Caucasian Supervisors he has experience unethical and unlawful behavior and conduct against him; Favoritism Treatment, Age Discrimination, Sexual and non-Sexual Harassment, Discrimination and Reprisal. It is acknowledged that after the first time Mr. Jackson filed a complaint he was labeled and information have been passed on from one Caucasian Supervisor to the next informing her/him not to never select or support Mr. Jackson for the Director, Sports, Fitness & Aquatics (Supervisory Sports Specialist) position, because of Mr. Jackson filing a discrimination Complaint.        **(3.)**

5. Mr. Jackson have contributed Professional, Quality and Timely Service for our Soldiers, Civilians, Retirees and Family Members. He was capable of providing them organized Sports and Fitness Programs and assist Aquatic Programs. All programs contributed immeasurably to their Entertainment, Conditioning, Competition, Enjoyment, Fun, Motivation, Esprit de Corp and Unity. Through Sports, Fitness & Aquatics includes contributing to preparing Soldiers, Civilians, Retirees and Family Members mentally and physically for Military Peace Time and Conflicts that occurred between June 1984 to August 2017. To include helping them readjust back to a normal life through participation in Sports, Fitness and Aquatics after redeployment from conflicts.

6. Mr. Ricky Jackson have been immoral and unethical wrongfully denied an equal and fair opportunity to excel/be promoted to the Director, Sports, Fitness & Aquatics position. All that Mr. Jackson have experienced and accomplished exceeds most individuals who are selected and or reassigned to leadership position in Family Morale Welfare Recreation positions, within the Community Mr. Jackson employed. Mr. Jackson have worked over thirty (33) challenging years in the same career field for the same organization. He far exceeded the qualification and merited for the Director, Sports, Fitness & Aquatics (Supervisory Sports Specialist) position. Most or all organization Director positions are filled with Caucasian or a little or none diversity. Mr. Jackson obtain the Seniority, Experience, Education, Training, Outstanding Performance Rating, Awards, Capability, Merited and to include a clean record.

7. Age Discrimination, Disparate Treatment, Discrimination, Sexual and non-Sexual Harassment and Reprisal all are contributed factors for not assigning and promoting Mr. Jackson in the Director, Sports, Fitness & Aquatics (Supervisory Sports Specialist) position. Mr. Jackson obtains the credentials and qualification, merit and deserved an equal and fair opportunity.

8. Why, after Mr. Jackson filed a complaint in December 2014, management have wrongfully immoral and unethical kept him in the same organization and under the same supervisors he filed the complaint against, the iron feet of oppression. Mr. Jackson welfare was neglected and the unethical and unlawful conduct and behavior continued and has caused him more; frustration, sleepless nights, anguish, anxiety, mental and physical emotional stress and pain, loss of enjoyment, intimidation, insult and humiliation. The situation as well have caused Mr. Jackson to be prescribed medication from approximately February 2015 to August 2016 and counseling therapy.  **(4.)**

9. Due to what Mr. Jackson have experienced he requested management to move him to another location and job within the Community like they have done for several other employees. His request was denied and he was forced to retire 31 August 2017, due to the unethical and unlawful conduct and behavior of Caucasian Supervisors. He was not ready to retire at the moment but had no choice.

10. **Mr. JACKSON ACCOMPLISMENTS AND CREDIBILITY EMPLOYED IN THE SAME ORGANIIZATION FOR (33) YEARS, WITH HONOR AND PRIDE FOR OUR SOLDIERS, CIVILIANS, RETIRES, FAMILY MEMBERS AND COUNTRY. I WENT BEYOND AND ABOVE TO ENSURE SUCCESS AND THE BEST.**

- Mr. Jackson used his personal vehicle numerous times to assist with accomplishing missions when his employer vehicle was not available, without requesting compensation.

- Mr. Jackson took work home many days and years to work on or complete the task without requesting for compensation.

- Mr. Jackson worked many days and years on the job beyond normal work hours to accomplish the task or mission, without requesting compensation.

- Mr. Jackson donated many annual leave hours to various ill employees he knew and did not know, without requesting for anything in return.

- For over five (5) years Mr. Jackson donated paying for beverages and snacks for USAG Sports Official Clinics, without requesting for compensation.

- Mr. Jackson have saved the government thousands of dollars working without, not been offered or supported with housing allowances, like other have who were local hires.

- Mr. Jackson was in charge and coordinated transportation to Rome with the Community Soccer Team. Mr. Jackson executed the first and one of the most extraordinary Community Relation events ever to represent U.S. Army Garrison, Community Recreation Division and Sports, Fitness & Aquatics and the Army. May 15-17, 2012, Mr. Jackson and the US Army Garrison Soccer Team attended the Pope General Audience with special reserved seating, then a special private organized church mass in the Pontifical Basilica conducted by an American Cardinal and Priest. Concluded with two exhibition Community Relation soccer games; 4-1 against The North American Seminary College and 8-3 against the Pontifical Swiss Guard **(5.)**

11. **AWARDS ACCOMPLISHED DURING MR. JACKSON CAREER**

**(1) - ICE Customer Service Excellent Award**, February 8, 2014

**(14)** - Letter of Appreciations; July 05, January 99, March 98, May 98, June 98, March 92, January 90, January 90, January 90, May 90, January 88, November 87 April 87, March 87

**(10)** - Certificate of Appreciations; May 07, May 06, May 05, April 99, September 97, November 94, May 95, July 93, June 99, April 2012

**(5)** - Scroll of Appreciations; August 07, March 06, June 03, July 01, June 93

**(7)** - Certificate of Achievements; June 04, March 00, September 90, November 86 January 2001, January 2001-June 2004

**(6)** - Department of the Army Official Commended; January 95, June 95, July 92, May 92, March 91, April 90

**(1)** - Customer Service Excellence Award; May 92
**(3)** - Achievement Medal for Civilian Service; March 98, July 2006, June 2011
**(3)** - Commander Award For Civilian Service; March 07, September 08, September 2017
**(1)** - 1/503rd ABN BN Commander Coin for Excellence

**(1)** -1/508th ABN BN Commander Coin for Excellence
**(1)** - Dental Commander Coin for Excellence
**(1)** - Commander Carabinieri Coin
**(6)** - USAG Commander & CSM for Excellence Coins
**(1)** - Commander Award for Community Service Coin
**(1)** - Army Communities of Excellence Coin
**(3)** - SETAF Commanding MAJ General for Excellence Coins
**(2)** - USAREUR Deputy Commanding LT General for Excellence Coins

**(1)** - SETAF Commanding MAJ General Recognition Letter - October 2000
**(1)** - SETAF Commanding MAJ General Recognition Letter - March 2006

## 12. ADDITIONAL ACCOMPLISHMENTS AND CREDIBILITY

- Mr. Jackson was awarded in January 1998 & May 2011 for contributing to saving two lives on two separate occasions in the line of duty; his Supervisory Sports Specialist and secondly a Local National Soccer Player

- Mr. Jackson contributed immeasurably to (USAG) United States Army Garrison Sports, Fitness & Aquatics, Superior accomplishments winning the Army Best Medium Size Facility Recreation Program in; 2005, 2006, 2007, 2008, 2009 & 2012.

- Mr. Jackson accumulated, monitored and maintained a running point system for the first IMCOM Europe and USAG Commander Cup Separate Unit Winner (USARAF) in 2013-2014

(6.)

13. **Mr. Jackson request that all Agencies below involved in the in just be held accountable.**

   a. The **US Army Garrison Inspecting General** intentionally refused to provide Mr. Jackson appropriate and sufficient assistance when he reported his case on about March 8, 2016 and informed **EEO Compliance and Complaints Review Agency** violated the mandated Final Army Decision regulation 29 C.F.R. Section 1614.107 (60) days. Due to the US Army Garrison Inspecting General not providing sufficient and appropriate assistance to Mr. Jackson complaint, Mr. Jackson feel that his Supervisors, Organizations and the Army were supported and protected.

   b. **The Army regulation/policy that was provided to Mr. Jackson by the Local EEO** stated the Final Army Decision Regulation 29 C.F.R. Section 1614.107 (60) days, (60) Calendar days from the date of receipt of your request to review the case file and to issue the final Army Decision. Mr. Jackson waited the (60) calendar days from August 12, 2015 to October 2015.

   Mr. Jackson received Army Final Decision from the EEO Compliance and Complaint Review on about 10 April 2016. The time line was violated for months. This action benefited the Army, Employer and Supervisors, who the complaint is against.

   c. The regulation was executed inconsistent, false advertising, mis leaded information, unethical and unlawful violation of (60) calendar days, for months and unacceptable.

   d. Two years after Mr. Jackson have waited for the Appeal Decision. **The U.S. EEO Commission, Office of Federal Operation dismissed** (1-7) claims stating because Mr. Jackson did not meet the (45) day time line. When on the other hand this dismissal action is inconsistent when the Local EEO and Investigators processed the (1-7) claims and did not refuse and or dismiss any of the claims. At this point dismissing Mr. Jackson claims causes his case to be misrepresented, misreported and him mislead.

If claims are indeed dismissed, I request the claims to be excepted as supporting evidence that contributes to the unethical, unlawful conduct and behavior and demonstrates the ongoing pattern of Disparate/Unfair Treatment, Discrimination, Age Discrimination, Harassment and Reprisal.

e. The long time ongoing unethical, unlawful treatment, conduct and behavior against Mr. Jackson, forced him to unhappily retire 31 August 2017 from his job after (33) years with the same MWR Organization. No EX SGT, Employee, Person or American should experience what I have experience because of unethical and unlawful conduct and behavior by Supervisors. This does not represent USA Values, Principles and Leadership.

14. From 2009 – 2017 (Caucasian) Mr. Juliano demonstrated Favoritism Treatment for (Caucasian) Mr. Gordon, approximately (10) years younger, his actions intimidated and deprived (Afro American) Mr. Jackson from visualizing an equal and fair opportunity to excel to his highest potential, Acting or permanently occupying the (Supervisory Sports Specialist), Director, Sports, Fitness & Aquatics position or other equivalent positions.

## The ten (10) un acceptable Claims below that Mr. Jackson is challenging for Justice.

1. **In around 2009, Mr. Juliano held a Supervisory Recreation Assistant position open for a year before <u>selecting Mr. Scott Gordon over Complaint, thereby denying Complainant an opportunity for advancement and promotion.</u>** (underlined part of this claim was falsely rewritten)

   a. Approximately 2007 and other time Mr. Juliano and Mr. Gordon were station in Germany. They were close friends, socialized and worked together at various time. In around 2009, Mr. Juliano discriminatory held the Ederle Fitness Center Recreation Assistant position for Mr. Gordon for approximately one year until he completed his required time in the US. This was beginning of Mr, Juliano good old boy system and favoritism treatment for Mr. Gordon

   b. Mr. Jackson occupied the Supervisory Recreation Assistant position in 1987-1992, Exceptional. Mr. Jackson was not interest in this position and neither did he applied for this position in 2009. Mr. Jackson was interested in the Director, Sports, Fitness & Aquatics, (Supervisory Sports Specialist) position **(8.)**

c. Mr. Juliano premeditated and temporary occupied an employee in the Supervisory Recreation Assistant position until Mr. Gordon completed his required time in the US.

d. Mr. Juliano foul play handling the Supervisory Recreation Assistant position intimidated Mr. Jackson from visualizing an equal and fair opportunity to excel in future position, re-assigned and or promoted to an equivalent position.

e. Witness, internal co-worker (Afro American) Mr. Daniels applied for this same position Supervisory Recreation Assistant during the same time Mr. Gordon was selected. Mr. Daniels acknowledge that he did not have a fair and equal opportunity due to Mr. Juliano premeditation selection of Mr. Gordon.

**Witness:** Mr. Daniels and Mr. Reeder

This claim **demonstrates** Mr. Juliano favoritism treatment for Mr. Gordon, discrimination and age discrimination based on color, race and age. **Caused** Mr. Jackson frustration, sleepless nights, anguish, intimidated

2. **In or around February 2011, Complainant was denied recognition for his contributions in transforming the facilities at the "Luna Bubble "into a Mission essential/Cross Fit Physical Training Facility, even though Mr. Juliano and four Other managers were presented an Achievement Civil Service Award for their actions concerning the project.**

a. All managers did not perform the same amount of work on this project. Regardless each of them performed less or more than each other. Mr. Jackson was treated differently, disparate treatment and discriminated against and denied the same recognition and Achievement Civil Service Award. The other managers/employees were not treated in manner Mr. Jackson was.

b. No document was used to keep record of how much time each individual performed on this project.

**(9.)**

c. Mr. Hamilton a (Caucasian) manager even stated in the case that he assisted with the transformation of the bubble at the end of the project. But yet he was awarded and recognized. Again favoritism.

d. Mr. Juliano purposely denied Mr. Jackson, his pattern of unethical and unlawful conduct and behavior against Mr. Jackson speaks for itself.

**Witnesses:** Mr. Daniels

This claim **demonstrates** Mr. Juliano disparate treatment for Mr. Gordon and other managers, they all were approximately (10) years younger or more, than Mr. Jackson; discrimination, age discrimination and reprisal based on color, race, age **Caused** Mr. Jackson frustration, sleepless nights, anguish, anxiety, mental and physical emotional stress and pain, loss of enjoyment, intimidation, insult and humiliation.

3. **In or around December 2011, while Complainant was on leave, Mr. Juliano moved Mr. Jackson personal belongings out of his office to an open area that was accessible to other employees; at the same time Mr. Gordon was allowed to have a private office;**

a. Mr. Juliano knew Mr. Jackson had planned leave during the Christmas period. He disrespectfully and un fairly refused to inform Mr. Jackson about the move of offices prior to him going on leave.

b. Mr. Juliano could have easily ensured the move was executed before Mr. Jackson went on leave or after he had returned off leave.

c. Mr. Juliano shown favoritism for Mr. Gordon by providing him a private office. Mr. Gordon was not the only manager that supervised employees. Mr. Juliano favorably treated Mr. Gordon better and differently.

d. Mr. Jackson was called by Mr. Daniels to inform him of the situation, when Mr. Juliano the Supervisor should have contacted Mr. Jackson. Mr. Jackson had to come back to the job off leave and was disrupted.

e. Mr. Juliano demonstrated *disparate treatment for* the other manager/employee, they were not treated in the manner Mr. Jackson was during the holiday period or any other time.

**(10.)**

**Witnesses:** Mr. Daniels

This claim **demonstrates** Mr. Juliano disparate treatment/favoritism for Mr. Gordon and co-workers; discrimination, harassment and reprisal based on color, race and reprisal. **Caused** Mr. Jackson frustration, sleepless nights, anguish, anxiety, mental and physical emotional stress and pain, loss of enjoyment, intimidation, insult and humiliation.

4. **In or around December 2012, Mr. Juliano, Mr. Gordon, and a female co-worker went on a Temporary Duty (TDY) business trip to the Athletic Business Conference in the United States (U.S.) while Complainant was not selected to attend;** (Local EEO and Investigators rewrote this claim in consisted with one another and some of what I stated)

   a. Mr. Juliano shown disparate treatment by not distributing the information out on the conference, Mr. Juliano made the selection among himself, (Caucasian) Ms. Connor and (Caucasian) Mr. Gordon. Mr. Juliano kept the knowledge of the training among his group. I was not provided any information pertaining to this training until the selection had been made.

   b. Mr. Juliano denied Mr. Jackson and others an equal and fair opportunity to be considered or request to attend this training.

   c. Mr. Juliano shown disparate treatment/favoritism for Mr. Gordon and Ms. Connor prior to disseminating the conference information.

   d. Ms. Connor and Mr. Gordon occupied the same similar job at different locations for the same community. One of them could have attended and gathered information. This would have allowed either the Sports, Aquatics or Fitness manager the opportunity to attend.

   e. Mr. Juliano demonstrated disparate treatment by informing only those he wanted to have knowledge about the training. Rather Mr. Jackson was interested in the training or not he respectfully equally and fairly deserved to be informed as the co-workers were.

**(11.)**

**Witnesses:** Mr. Daniels

This claim **demonstrates** Mr. Juliano disparate treatment/favoritism for Mr. Gordon and Ms. Connor, they both are approximately (10) years younger or more; discrimination, age discrimination and reprisal based on color, race, age **Caused** Mr. Jackson frustration, sleepless nights, enjoyment and intimidation

5. **In or around January 2013, Mr. Juliano excluded Complainant from taking part in the brainstorming team discussion about the Athletic Battle Series (ABS), an activity with various competitive and skill events;**

   a. Mr. Juliano did not inform Mr. Jackson that a meeting was being held for the Athletic Battle Series. Mr. Jackson was a key player being the Sports Specialist.

   b. Mr. Juliano demonstrated disparate treatment informing employees and managers who he wanted to be familiar with the event prior to it being conducted.

   c. Mr. Juliano allowed other employees and managers to be aware of the particulars of each event in advance, and Mr. Jackson was denied.

   d. Mr. Jackson was later informed by Mr. Juliano to participated in all or most of the series of events without having the knowledge of the events as those who were invited to the meeting.

   e. Mr. Jackson could have been better prepared with assisting and execution of events, if he had been provided information as the other employees and managers were provided.

**Witnesses:** Mr. Daniels

This claim **demonstrates** Mr. Juliano disparate treatment/favortism for Mr. Gordon and other employees; discrimination, age discrimination and reprisal based on color, race, age and reprisal. **Caused** Mr. Jackson frustration, sleepless nights, anguish, anxiety, mental and physical emotional stress and pain and intimidation.

**(12.)**

6.   **At various times between March 10-12, 2014, Mr. Juliano put a caricature on Complainant's desk; the depicted a unicorn with his tongue hanging out, spitting out the colors of a rainbow, showing an erect penis and testes with the slogan "Get Busy".** (Left out name Ricky Jackson that were included)

 a. Mr. Juliano initiated the unicorn graphic bringing it down stairs showing it to Mr. Jackson and other employees.

 b. Mr. Juliano posted the unicorn on the back of Mr. Jackson computer, wall and desk. Mr. Jackson name was also written on the bottom of the unicorn without my consent.

 c. Mr. Juliano demonstrated disparate treatment using the unicorn as a symbol to label Mr. Jackson as their work horse. The other employees or managers was not treated in this manner.

 d. The unicorn graphic without the penis stayed up on the wall for over a year continues. EEO Officer Ms. Valeri took a picture of the graphic and took it down after asking me if I want it down.

**Witnesses:** Mr. Daniels and Mr. Young

This claim **demonstrates** Mr. Juliano disparate treatment against Mr. Jackson; discrimination, age discrimination, sexual and non-sexual harassment, and reprisal based on color, race, age and reprisal. **Caused** Mr. Jackson frustration, sleepless nights, anguish, anxiety, mental and physical emotional stress and pain, loss of enjoyment, intimidation, insult and humiliation.

7.   **Between March 2013. And October 2014, while Mr. Juliano was the Acting Chief of the Community Recreation Division (CRD) he delegated Mr. Gordon to be the Acting Supervisory Sports Specialist instead of Complainant.**

 a. Mr. Jackson had spent over thirty (30) years working for the same organization, Sports, Fitness & Aquatics **VS.** Mr. Gordon approximately six (6) years at the time, Mr. Jackson Accomplishments, Seniority, Experience, Education, Training, Outstanding Performance Rating, Awards, Capability, Merit and clean record, all were discriminatory refused and uncredited.

**(13.)**

b. Mr. Jackson merited to be delegated Acting Sports, Fitness & Aquatics and temporary promoted prior to Mr. Gordon.

c. In 2009, Mr Juliano asked Mr. Jackson if he wanted to take charge of the Fitness Center and other facilities. Mr. Jackson informed Mr. Juliano that he preferred not at the moment. Because he was overwhelming with work and tryingto recover from pass mistreatment from various supervisors. I never said no without this legitimate justification.

d. In approximately September 2013 Mr. Juliano delegated Mr. Gordon Acting Director, Sports, Fitness & Aquatics (Supervisory Sports Specialist) in retaliation against Mr. Jackson, because in 2009 Mr. Jackson informed Mr. Juliano he preferred not at the moment because he was overwhelming with work and trying to recover from pass mistreatment from previous supervisors. Mr. Juliano retaliation was also because of Mr. Jackson filing previous discrimination complaints.

e. Mr. Juliano delegating Mr. Gordon in the Acting Sports, Fitness & Aquatics position intimidated and deprived Mr. Jackson from visualizing an equal and fair opportunity for the Director, Sports, Fitness & Aquatics (Supervisory Sports Specialist) position, and or advancement/promotion to an equivalent position.

f. Mr. Jackson Seniority, Experience, Education, Training, Outstanding Performance Rating, Awards, Capability, Merit and clean record all Were discriminated against, by Mr. Juliano.

**Witnesses:** Mr. Daniels

This claim **demonstrates** Mr. Juliano favoritism treatment for Mr. Gordon; discrimination, age discrimination, and reprisal based on color, race, age and reprisal. **Caused** Mr. Jackson frustration, sleepless nights, anguish, anxiety, mental and physical emotional stress and pain, loss of enjoyment, intimidation, insult and humiliation.

**(14.)**

8. **On November 20, 2014, Mr. Christopher Bradford, Director of Family Morale Welfare Recreation (DFMWR) informed the Sports, Fitness an Aquatics staff that Mr. Juliano and Mr. Gordon were being <u>selected to permanently fill the positions they had been acting in:</u> and other employees such as Mr. Anthony Daniels, Mr. Kobie Johnson, and Mr. Jimmy Roddy were promoted while Complainant was denied an opportunity For advancement.** (underlined part of this claim was falsely rewritten)

   a. I never stated and neither heard Mr. Bradford state that Mr. Juliano and Mr. Gordon were selected permanently to fill the positions they were Acting. Mr. Juliano and Mr. Bradford provided a chart of what their plans were. The chart is evidence of what Mr. Bradford stated.

   b. Approximately November 20, 2014 four managers/employees were reassigned and promoted to higher positions, all were approximately ten years younger than Mr. Jackson. Why wasn't Mr. Jackson included in the running for the promotion and reassigned to a higher position as they all were.

   c. Approximately July 2014, Mr. Roddy was first reassigned from Camp Darby for the Supervisory Recreation Assistant (Facilities Director) position at Del Din

   Approximately December 2014, Mr. Roddy was reassigned again from the Supervisory Recreation Assistant position at Del Din to the Director, Sports, Fitness & Aquatics position at Caserma Ederle where Mr. Jackson is located.

   d. Why wasn't Mr. Jackson resigned to the Director, Sports, Fitness & Aquatics position and Mr. Roddy remained in the Supervisory Recreation Assistant position at Del Din.

   e. In December 2014, Mr. Gordon, recently completed Acting Director, Sports, Fitness & Aquatics, then Mr. Juliano shown more favoritism by creating a new position as a Recreation Programmer for Mr. Gordon. Why wasn't Mr. Jackson asked to fill the Recreation Programmer position.

**(15.)**

**Witnesses:** Mr. Daniels

This claim **demonstrates** Juliano disparate/favoritism treatment for Mr. Gordon and Mr. Roddy; discrimination, age discrimination and reprisal based on color, race, age and reprisal. **Caused** Mr. Jackson frustration14., sleepless nights, anguish, anxiety, mental and physical emotional stress and pain, loss of enjoyment, intimidation, insult and humiliation

9. **On December 16, 2014, during an FMWR holiday party, Mr. Bradford presented awards for years of civilian service to Mr. Juliano, Chief of CRD and Mr. Gordon, Recreation Programs, while Complainant received no award in recognition of over 30 years of service.** (Local EEO and Investigator rewrote this claim inconsistent with one another)

   a. Mr. Juliano and Mr. Bradford fail to send out information to organizations to ensure all employees were aware of recognition and service award presentation. Mr. Gordon and several other employees were informed and provided favoritism treatment.

   b. Mr. Juliano and Mr. Bradford demonstrated disparate treatment when they had Mr. Juliano, Mr. Gordon and several others recognized and presented a Service Award at the MWR Christmas party. Mr. Jackson was denied.

   c. Mr. Juliano and Mr. Bradford refused to recognize and present Mr. Jackson his service award for 30 years at the FMWR holiday party.

This claim **demonstrates** Mr. Juliano favoritism treatment for Mr. Gordon and others; discrimination, age discrimination and reprisal based on color, race, age and reprisal. **Caused** Mr. Jackson frustration, sleepless nights, anguish, anxiety, mental and physical emotional stress and pain, loss of enjoyment, intimidation, insult and humiliation.

10. **On December 19, 2014, Mr. Roddy, Sports, Fitness and Aquatics Supervisor informed Complainant that his normal work schedule of 8:00 a.m. to 5:00 p.m. would be modified to extend the end of his shift to 8:30 p.m. during sporting events.** (Local EEO and Investigators rewrote this claim inconsisted with one another and some of this I did not state)

**(16.)**

a. Mr. Roddy punished Mr. Jackson because a child was playing with a basketball during a basketball games and the ball incidentally went on the floor, and because he wanted Mr. Jackson know who is in charge.

b. Mr. Roddy demonstrated disparate treatment by not sending a similar email to the Fitness, Aquatics and Supervisory Recreation Assistants informing them that they need to extend their shift until 8:30 p.m. When each of them on the other hand have received numerous of ICE complaints pertaining to their programs vs. me with hardly any Ice Complaints.

c. Mr. Jackson have been working on regular basis since approximately January 2015, ongoing and continuous working from 8: a.m. to 8: p.m. or to 9: p.m., 12 hrs. in one day and sometime four days straight in this manner. Covering Sports Officials Clinics, Sports League games and other as needed. No overtime offered or provided but offered and provided to other employees.

d.  Mr. Jackson even informed his supervisor that monitoring games in the evening is taking away valued time that is needed to accomplish his tasks, duties and or mission. Mr. Jackson was force to work many 12 hr. days in order to accomplish his tasks, duties and missions.

e. At one-point Mr. Jackson accumulated over 100 hrs. of unofficial compensate time, then found it difficult to take the time off. Mr. Jackson was never told to stop working in this manner or helped to resolve the problem.

f. No respect or concern for Mr. Jackson health, neither was Mr. Jackson offered or provided any overtime for any of the time he accumulated, when other employees at times were provided overtime.

This claim **demonstrates** Mr. Roddy discrimination, harassment, age discrimination and reprisal based against Mr. Jackson, based on color, race, age and reprisal. **Caused** Mr. Jackson frustration, sleepless nights, anguish, anxiety, mental and physical emotional stress and pain, loss of enjoyment, intimidation, insult and humiliation.

**Below demonstrates a pattern of Mr. Juliano un morale, unethical, un equal and unfair Favoritism, Discrimination and Disparate Treatment for Mr. Gordon and Mr. Roddy**

**(17.)**

Mr. Juliano disparate treatment for Mr. Gordon and Mr. Roddy intimidated and deprived Mr. Jackson from visualizing an equal and fair opportunity for advancement and promotion to the Supervisory Sports Specialist, Director, Sports, Fitness & Aquatics position or equivalent position.

1. Approximately 2007 and other time Mr. Juliano and Mr. Gordon were station in Germany socializing together, working together at various time and close friends.

2. 2009 Mr. Juliano illegally held the Ederle Fitness Center Recreation Assistant Position for Mr. Gordon for approximately one year until he completed his require time in the US. This was Mr. Juliano beginning of the Good old boy game and favoritism treatment for Mr. Gordon.

3. December 2011, Mr. Juliano discriminatory had Mr. Jackson office and belonging relocated to and open bay area while on Christmas Holiday leave, no other employee was treated in this manner. The move could have been done before or after my leave. Mr. Juliano discriminatory ensured Mr. Gordon was the only manager provided a private room. Mr. Juliano demonstrated disparate treatment by not relocating co-worker's office while they were on leave or Christmas Holidayleave. No other employee was treated in the manner Mr. Jackson was.

4. December 2012, Mr. Juliano discriminatory refused to offer, inform and or provide Mr. Jackson a fair and equal opportunity to attend the Athletic Business Conference TDY. Mr. Juliano demonstrated disparate treatment and favoritism, he provided Information regarding the training to Mr. Gordon and MS Connor. Mr. Jackson was Informed after the decision had been made who were attending the training.

5. January 2013, Mr. Juliano discriminatory refused to inform and invite Mr. Jackson to the meeting for brainstorming Athletic Battle Series. Mr. Juliano demonstrated disparate treatment when he informed and invited Mr. Gordon and several other co-workers. So, they can be prepared and Mr. Jackson un prepared. After the fact Mr. Jackson was informed to participate in the Athletic Battle Series.

6. February 2013, Mr. Juliano disparate treatment/discrimination denied Mr. Jackson from receiving an Achievement Award and Recognition for the work and support of the transformation of the Luna Bubble. Mr. Gordon and all other managers who participated were awarded except Mr. Jackson. Regardless how much work they performed some performed less and more than the other. The other managers were not treated in this manner Mr. Jackson.

**(18.)**

7. December 2014, At MWR Christmas Party Mr. Juliano discriminatory denied Mr. Jackson from receiving his Service Award and Recognition for (30) years. Mr. Juliano demonstrated disparate treatment when he ensured himself, Mr. Gordon several other employees received their Service Award and Recognition and timely.

8. March 2014, Mr. Juliano discriminatory initiated the unicorn graphic and brought it downstairs to Mr. Jackson office area. Mr. Juliano included "Ricky Jackson" on the unicorn without his consent and knowledge. Mr. Juliano used the unicorn as a symbol and to label Mr. Jackson as their work horse. Mr. Juliano ensured disparate treatment against Mr. Jackson by ensuring no other employee were treated in the manner Mr. Jackson was.

9. November 2014, Mr. Juliano unfairly discriminatory refused to delegate Mr. Jackson in his position as the Acting Supervisory Sports Specialist and temporary promote him. Mr. Juliano discriminatory delegated Mr. Gordon Acting Supervisory Sports Specialist with a temporary promotion without any respect for Mr. Jackson.

10. December 2014, Mr. Juliano discriminatory created a new position (Recreation Programmer) for Mr. Gordon.  Refuse to provide Mr. Jackson an equal and fair opportunity to excel this a new position.

I was the oldest U.S. employee working for Sports, Fitness & Aquatics from approximately January 2013 to approximately June 2017, most seniority, most experience, most achievements, most and better Qualified employee. Mr. Jackson occupied and experience the following positions; Recreation Aid, Lead Recreation Aid, Supervisory Recreation Assistant, Sports Specialist, Sports/Fitness Programmer and numerous of times Acted in the Director Sports, Fitness & Aquatics position.

Even after (30) years with Sports, Fitness & Aquatics Mr. Jackson have been denied from excelling to his highest potential as the Director Sports, Fitness & Aquatics (Supervisory Sports Specialist) position or a position equivalent. Due to Mr. Juliano Good old boy game, Favoritism Treatment, Age Discrimination, Discrimination, Sexual and Non-Sexual, Harassment and Reprisal.

Believe it or not Mr. Jackson was treated unfairly, discriminated against, Harassed even at the end of his forced Career and Retirement Ceremony. Mr. Jackson retirement biography was changed by dropping and adding Information without the consent of Mr. Jackson. To include falsely labeling and Identifying Mr. Jackson as the Sports, Fitness & Aquatics Director, visual and sound, causing humiliation, anguish, anxiety, frustration and insult to Mr. Jackson and his wife. Disparate Treatment, Harassment and Discrimination.                    **(19.)**

I am standing up for un acceptable Conduct and Behavior that does not represent Americans Leaders Values, Morals and ethical. I am only requesting for justice to prevail for what is honest, correct and lawful.


Faithfully,

Ricky E. Jackson
EXSGT/Civilian Employee

**(20.)**



## "GET BUSY!"

### Ricky E. Jackson



# "GET BUSY!"

## Ricky E. Jackson